IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **DUANE MILLEGE**, on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : CASE NO. : |
| v. | : : **JURY DEMANDED** |
| **DUPONT DE NEMOURS, INC.**, | : : |
| -and- | : : |
| **DUPONT SPECIALTY PRODUCTS USA, LLC**, | : : : |
| Defendants. | : : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Duane Millege ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective and Class Action Complaint against Defendants DuPont De Nemours, Inc. and DuPont Specialty Products USA, LLC (collectively "Defendants") for their failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. This FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.    INTRODUCTION**

1.    This case challenges certain policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

1

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

## II. JURISDICTION AND VENUE

3. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants are incorporated in the state of Delaware and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. PARTIES

### A. Named Plaintiff

5. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Michigan.

6. Named Plaintiff has been employed by Defendants from approximately September 2021 to the present.

7. Named Plaintiff is employed as an hourly, non-exempt production employee of Defendants as defined in the FLSA. Specifically, Named Plaintiff is employed by Defendants as an hourly base cutter at their location in Hemlock, Michigan. During his employment, Named Plaintiff has worked forty (40) or more hours in one or more workweek(s).

8. During Named Plaintiff's employment, Defendants did not compensate him for integral and indispensable work. As a result, Named Plaintiff was not fully and properly paid for

all of his hours worked in violation of the FLSA.

9. Likewise, Defendants applied this pay practice and/or policy to their other similarly situated hourly, non-exempt employees. These similarly situated hourly employees worked forty (40) or more hours in given workweeks. These practices and/or policies resulted in these similarly situated hourly employees not being paid all of their overtime wages earned in violation of the FLSA.

10. Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent is filed alongside this Complaint as **Exhibit A**.

**B.    Defendants**

11. Defendant DuPont De Nemours, Inc. is also a domestic limited liability company that operates and conducts substantial business activities in the District of Delaware.

12. Defendant DuPont Specialty Products USA, LLC is a domestic limited liability company that operates and conducts substantial business activities in the District of Delaware.

13. Defendants are engaged in the development, production, and sale of specialty materials, chemicals, and agricultural products.

14. Upon information and belief, Defendants have registered numerous other entities to manage and operate their business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

15. Defendants employed Named Plaintiff and other similarly situated employees at their facilities across the country.

16. At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff and other similarly situated hourly production employees' working conditions. Defendants exercised that authority and control over Named Plaintiff and other similarly situated hourly employees.

17. At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated hourly production employees. Defendants exercised that authority and control over Named Plaintiff and other similarly situated hourly production employees.

18. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

19. Defendants have registered multiple business entities as part of their enterprise.

20. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

21. Defendants are the "employer" of Named Plaintiff and similarly situated employees because they operate the single integrated enterprise or otherwise function as joint employers.

22. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendants' facilities.

23. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated hourly production employees to work. The work that Named Plaintiff and other similarly situated hourly production employees performed was for Defendants' benefit.

24. Because the work performed by Named Plaintiff and all other similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

25. At all times relevant, Defendants were (an) employer(s) of Named Plaintiff and other similarly situated hourly production employees as defined in the FLSA.

26. Defendants operate, control, and employ employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

27. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the FLSA.

## IV.  FACTS

28. Named Plaintiff and Defendants' other hourly production employees are hourly, non-exempt employees who are similarly entitled to overtime compensation.

29. Named Plaintiff and Defendants' other hourly production employees are involved in the manufacturing of various chemicals, specialty materials, and other products. Named Plaintiff and other similarly situated hourly production employees routinely handle chemicals while processing and producing their respective products.

30. Named Plaintiff and Defendants' other similarly situated hourly production employees arrive to work prior to the scheduled start of their shifts.

31. Named Plaintiff and other similarly situated hourly production employees would clock in soon after arriving at work but before the scheduled start of their shifts.

32. Prior to the scheduled start of their shifts but after clocking in, Named Plaintiff and other similarly situated hourly production employees were required to remove their "street" clothes and don chemical/flame-resistant safety clothing and other equipment.

33. Named Plaintiff and other similarly situated hourly production employees were required to don their safety clothing and equipment at their place of work. They were not permitted to take their safety clothing home.

34. After donning their safety clothing and equipment, Named Plaintiff and other similarly situated hourly production employees would then engage in a "shift relief" or "shift change" meeting with the previous shift's employee whom they were relieving. During this meeting, the hourly production employee being relieved would relay any necessary information about what had occurred during the previous shift and/or what needed to be accomplished during the incoming shift.

35. Named Plaintiff and other similarly situated hourly production employees would then walk to their assigned stations and were required to arrive by no later than the scheduled start of their shift having already accomplished the above tasks.

36. These pre-shift duties resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work prior to the scheduled start of their shifts.

37. Despite clocking in and beginning work that was integral and indispensable to their

job duties before the scheduled start of their shifts, Defendants did not pay Named Plaintiff and other similarly situated production employees for their pre-shift work.

38. Thus, during all relevant times, Defendants failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime work performed because of their policy and/or practice of not paying these employees for pre-shift work.

39. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated hourly production employees for all overtime pay that they actually earned.

40. Named Plaintiff and other similarly situated hourly production employees regularly worked more than forty (40) hours per workweek but were not at paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendants' unlawful policy or practice described above.

41. Defendants' failure to compensate Named Plaintiff and other similarly situated hourly production employees as set forth above resulted in unpaid overtime.

42. At all times relevant herein, Named Plaintiff and other similarly situated hourly production employees were employees as defined in the FLSA.

43. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

44. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

**V.     FLSA COLLECTIVE ALLEGATIONS**

45. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a

collective action on behalf of himself and all other similarly situated employees of the following opt-in collective:

> **All current and former hourly, non-exempt production employees of Defendants outside Ohio who were paid for 40 or more hours of work in any workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

46. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

47. During the last three (3) years, Defendants did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages that they earned.

48. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

49. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly production employees and is acting on behalf of their interests as well as his own in bringing this action.

50. The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

51. The net effect of Defendants' aforementioned policies and/or practices is that Defendants willfully failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## VI. CAUSE OF ACTION

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

54. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

55. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

56. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

57. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendants' failure to pay for pre-shift work.

58. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendants' companywide policy and/or practice described herein.

59. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

60. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

61. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

62. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

B. Finding that Defendants failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated

damages allowed by the FLSA;

   D. Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

   E. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

   F. Issuing an Order directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

   G. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper; and

   H. Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

   Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: August 18, 2023          Respectfully submitted,

Of Counsel:             FARNAN LLP

Hans A. Nilges            */s/ Michael J. Farnan*
NILGES DRAHER LLC         Brian E. Farnan (Bar. No. 4089)
7034 Braucher Street NW, Suite B      Michael J. Farnan (Bar No. 5165)
North Canton, OH 44720         919 North Market Street, 12th Floor
Telephone: (330) 470-4428        Wilmington, DE 19801
Facsimile: (330) 754-1430        (302) 777-0300
hnilges@ohlaborlaw.com         (302) 777-0301 (Fax)
                  bfarnan@farnanlaw.com
Matthew Coffman           mfarnan@farnanlaw.com
COFFMAN LEGAL, LLC
1550 Old Henderson Road, Suite 126    *Attorneys for Representative Plaintiff and*
Columbus, Ohio 43220          *those similarly situated.*

Telephone: (614) 949-1181
Facsimile: (614) 386-9964
mcoffman@mcoffmanlegal.com